UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANCIS X. GARTLAND, | : | |
| | : | Civil Action No. 14-5039 (JAP) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

*Pro se* Petitioner Francis X. Gartland, a prisoner confined at Fort Dix Federal Correctional Institute, in Fort Dix, New Jersey, seeks to file a motion to vacate pursuant 28 U.S.C. § 2255. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014).

THEREFORE, it is on this 28th day of August, 2014;

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the motion; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per

curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank section 2255 form— AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); and it is further

ORDERED that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge